REQUESTED BY: Lawrence Myers, Executive Director, Nebraska Equal Opportunity Commission
Whether the Nebraska Equal Opportunity Commission under the Act Prohibiting Unjust Discrimination in Employment Because of Age, the Nebraska Fair Housing Act, the Nebraska Public Accommodations Act, and the Nebraska Equal Pay Act can render a default determination of reasonable cause if the Respondent fails to respond to the Commission's request for information and/or documentation?
No.
You have asked whether the Nebraska Equal Opportunity Commission NEOC may promulgate a rule or regulation for the Act Prohibiting Unjust Discrimination in Employment Because of Age, the Nebraska Fair Housing Act, the Nebraska Public Accommodations Act and the Nebraska Equal Pay Act, that upon a Respondent's failure to respond within thirty days of receipt of a charge, the NEOC may render a decision of reasonable cause. You note that the NEOC does have such authority under Neb. Rev. Stat. § 48-1118(3) of the Nebraska Fair Employment Practice Act NFEPA, as amended by LB 124, 1993 Legislative Session.
NFEPA was amended to include specific authorization and guidelines for the adoption of the regulation by the Commission to enter a default determination of probable cause. There have been no similar amendments to the Act Prohibiting Unjust Discrimination in Employment Because of Age, the Nebraska Fair Housing Act, the Nebraska Public Accommodations Act, or the Nebraska Equal Pay Act. Administrative agencies of the State of Nebraska do not have the power to make rules and regulations outside of the legislative authority. Gillette Dairy Inc. v. Nebraska Dairy Products Board, 192 Neb. 89, 219 N.W.2d 214 (1974). Generally, the powers of a public agency and public officers are limited to those conferred by statute. 81A C.J.S. States § 142; 63A Am. Jur. 2d Public Officers and Employees § 300.
The Legislature has the power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or to provide for the complete operation and enforcement of a law within designated limitations. However, the limitations of the power granted and the standards by which the granted powers are to be administered must be clearly and definitely stated in the authorizing act. See Gillette Dairy Inc. v. Nebraska Dairy Products Board, 192 Neb. 89, 100,219 N.W.2d 214 (1974), and Lincoln Dairy Co. v. Finigan, 170 Neb. 777,780-81, 104 N.W.2d 227 (1960). In LB 124, the Legislature clearly defined the limits within which a default judgment could be granted under NFEPA. There is a broadly stated purpose of the NEOC, but there is no indication that the Legislature wanted the default determination of reasonable cause provision of LB 124 applied to any other act. Neither does the legislative history of LB 124 contain any reference to default determinations of reasonable cause in any of the other above-referenced Acts.
Any grant of authority to an administrative agency by the Legislature must be administered in accordance with adequate standards and guidelines prescribed by legislative act. Gillette, supra; School Dist. No. 39 of Washington County v. Decker, 159 Neb. 693, 68 N.W.2d 354 (1955). There is no such grant of authority, or standards and guidelines, for the NEOC to enter default determinations of reasonable cause under any Act except NFEPA.
Sincerely yours,
DON STENBERG Attorney General
Alfonza Whitaker Assistant Attorney General
Approved: Attorney General 29-355-5.